NATIONAL LATEX PRODUCTS COMPANY, PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 81-7-00898

Before BERNARD NEWMAN, *Judge.*

(Dated June 16, 1982)

*Sharretts, Paley, Carter & Blauvelt, P.C. (Gail T. Cumins,* Esq., of counsel) for the plaintiff.

*J. Paul McGrath,* Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, and *Velta A. Melnbrencis,* Esq., for the defendant.

*Blatchford, Epstein & Brady,* Esqs. *(Joseph H. Blatchford,* on the brief) for proposed *Amicus Curiae,* American Imports Inc.

NEWMAN, *Judge:* The controversy in this lawsuit centers around the dismissal by the Department of Commerce (Commerce) of plaintiff's petition, filed pursuant to section 303 of the Tariff Act of 1930, as amended (19 U.S.C. § 1303). It appears that plaintiff's petition requesting that countervailing duties be imposed on the importation of toy balloons and playballs from Mexico advisedly omitted the interposition of an allegation of injury to domestic industry.

Plaintiff's contention that no allegation of injury in its petition was required is bottomed on the position that no agreement exists between the United States and Mexico requiring that an injury determination be made, and hence, plaintiff insists that its petition is acceptable without the inclusion of such an allegation of injury to domestic industry.

It should be noted that prior to reaching the point at which the merits could be resolved, I was called upon to render two decisions concerning the significant issue of executive privilege respecting intra-governmental policy advice and recommendations: defendant's motion for a protective order relating to two documents in the administrative record (2 CIT 219, Slip Op. 81-106, Nov. 18, 1981); and plaintiff's motion to compel production of a memoran-

dum prepared by a government attorney in the Trade Representative's office (3 CIT 49, Slip Op. 82–10, Jan. 27, 1982).

Subsequently, plaintiff moved for summary judgment, and thereupon, American Imports, Inc. moved to file an *amicus curiae* brief in support of the government's position under Rule 76 of the Rules of the United States Court of International Trade. At this juncture, the defendant requested a number of extensions of time to respond to plaintiff's motion for summary judgment by reason of the fact that the parties had entered into serious discussions concerning a stipulation. Consequently, I reserved a decision on the *amicus curiae* application predicated on the hope that the parties could reach an amicable agreement disposing of the case.

Recently, plaintiff and defendant formally advised me that they have determined to adjust this matter by Commerce's acceptance of a new countervailing duty petition from plaintiff, and the initiation of an investigation into Mexican subsidies without regard to any domestic injury allegation. Essentially, no controversy now exists between the parties, and they have stipulated to dismiss this action in conformance with Rule 41(a)(1)(B) of the Rules of this Court.

However, since the motion of the proposed *amicus* is still pending, and in the interest of orderly procedure, I shall, in view of the parties' stipulation of dismissal, initially deny the motion of American Imports, Inc. to file a brief in support of the defendant as moot. In a word, the agreement between the parties, which the Court now accepts, leaves no government position for an *amicus* to support as required by Rule 76.

Further, it is abundantly evident that the present controversy between the parties is now fully mooted; and the clerk is directed to enter the appended order of dismissal in accordance with the stipulation executed by the parties pursuant to Rule 41(a)(1).